## Lyons Storage Battery Co., to use, v. Battery Bill's Service Station

*Welles, Mumford & Stark*, for plaintiff.

*J. J. Powell* and *M. J. Egan*, for defendant.

Lewis, J., September 11, 1933.—This is a suit upon a book account. The plaintiff has taken a rule to strike off the defendant's affidavit of defense. Upon an inspection of the defendant's affidavit of defense, we find the following averment:

"Fourth: In further answer to the plaintiff's claim, the defendant attacks the jurisdiction of the court to entertain the issue. This suit was instituted in the office of Alderman Smith, of Scranton, Pa., whose jurisdiction in such cases, under the laws of the Commonwealth of Pennsylvania, is limited to the sum of $300. The original amount of the account owing by the defendant to the Lyons Storage Battery Company was $300.65, and the plaintiff in order to give the alderman jurisdiction of the issue, gave him a credit of $15 for which no cash payment was made. If the plaintiff is entitled to any credit at all, it is the sum of $192.20, and it is further averred and declared that the credit of $15 allowed by the plaintiff at the time suit was brought was not made in good faith but only in an attempt to award jurisdiction to the alderman. For this reason the jurisdiction of the court is questioned by the defendant."

Upon inspection of the plaintiff's statement, we find that a credit was given to the defendant on August 9, 1932, for $15. The plaintiff's statement does not disclose the reason for giving the said credit, and we have no means of knowing why the said credit was given to the defendant—whether the same was a cash payment, for merchandise returned, or for the breach of warranty mentioned in the affidavit of defense.

While it is true that a justice's jurisdiction is determined by the amount claimed and not by the amount of the judgment, and a claim, however large, may be reduced to the jurisdictional amount by direct payments or by mutual dealings between the parties, a claim cannot be brought within the jurisdiction by remitting part of it, except where the part remitted is an incident of a debt overdue, such as interest or costs of protesting a note, and where the record shows an apparent reduction the same must be explained by affirmative testimony.

We feel that at the trial of this case facts will develop to show whether the credit allowed was made in good faith, or for the purpose of circumventing the jurisdiction.

We therefore discharge the motion to strike off the affidavit of defense.

Now, therefore, September 11, 1933, rule to strike off defendant's affidavit of defense is discharged.                    From William A. Wilcox, Scranton, Pa.